ANTHONY L. VELASQUEZ, ESQ. (AV9649)
575 Rt. 70, 2nd Floor P.O. Box 1030
Brick, New Jersey 08723
(t) 732-903-1966; (f) 732-416-7861
Attorney for Plaintiff

| YITZCHOK ROKOWSKY, Plaintiff v. SUNGAME CORPORATION, ROBERT KLOIHOFER, NEIL CHANDRAN, JP MORGAN CHASE & CO., JOHN DOES 1-100, Defendant(s). | : : : : : : : : : : : : : | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY  DOCKET NO:   CIVIL ACTION  **COMPLAINT** |
|---|---|---|

## Introduction

This action is based primarily upon the New Jersey Consumer Fraud Act, *N.J.S.A*. 56:8-1 et seq., and Federal jurisdiction is based upon diversity of the parties.  Plaintiff seeks redress against Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran for consumer fraud in the sale of 50 computer tablets to Plaintiff, in addition to other claims.  Plaintiff seeks redress against JP Morgan Chase & Co. for violating its cardmember agreement and failing to provide Plaintiff purchase protection, fraud protection and consumer protection as per its contractual obligations.

## The parties

1. Plaintiff Yitzchok Rokowsky is an individual residing at 274 Ridge Street, Lakewood, New Jersey, 08701.

2. Defendant Sungame Corporation is an incorporated entity with headquarters at 3091 W. Tompkins Avenue, Las Vegas, NV, 89103.

3. Robert Kloihofer is an individual residing at 317 137th St. NE, Bradenton, FL, 34212. He is an officer of Sungame and personal benefactor from this fraudulent transaction.

4. Neil Chandran is an individual residing at 413 Pinnacle Heights Lane, Las Vegas, Nevada, 89144. He is an officer of Sungame and personal benefactor from this fraudulent transaction.

5. JP Morgan Chase & Co. is an incorporated financial institution with the State of Delaware. It has headquarters in New York City at 270 Park Avenue, New York, NY, 10017.

6. John Does 1-100 are other individuals currently unknown that knowingly took part in this fraudulent transaction and harmed Plaintiff Rokowsky. Plaintiff reserves the right to substitute names for such John Does as discovery becomes available.

**The solicitation**

7. In February, 2014, Plaintiff Rokowsky was solicited by Defendant Kloihofer, who offered for sale 50 android tablets, specifically identified as Commander 3D Android Tablets (the "Tablets"), from Kloihofer's company Defendant Sungame Corporation (Sungame) for $1,000 each with the full money to be rebated to Rokowsky by March 30, 2014.

8. Kloihofer explained to Rokowsky that he would have to pay $1,000 each to Sungame for the Tablets via credit card, but that the purchase price would be returned in full in the form of a rebate on or before March 30, 2014.

9. These terms were placed in writing and signed by Kloihofer on the receipts issued to Rokowsky on February 23, 2014.

10. It was explained to Rokowsky by Kloihofer that the company Sungame wanted to demonstrate its success and strength in the marketplace. Once the sale was disclosed to the public and used for marketing purposes, Kloihofer and Sungame promised that Rokowsky's

purchase money would be returned in full, in the form of a 100% rebate of the purchase price. Kloihofer added that the Tablets would not have to be returned.

11.     Sungame confirmed the terms of this transaction and promised Rokowsky this deal in writing. Sungame promised that upon Rokowsky paying for the Tablets, rebate checks for the full purchase price would be issued on or before March 30, 2014.

12.     Sungame and Kloihofer requested that Rokowsky pay for the purchase by credit card, and requested that Rokowsky not initiate a credit card chargeback after the acceptance of the rebate check.

13.     Rokowsky considered that he and his family could use the Tablets personally. His father runs a local yeshiva college and the Tablets could be used by his family and his father's students.

14.     Rokowsky relied upon the representations of Sungame and Kloihofer that he would receive the Tablets and then receive the full rebate of the purchase price.

**The purchases**

15.     Rokowsky made the purchases of 50 of the Tablets at a total cost of $50,000 with his credit card (card number ending in 4840) issued by Defendant JP Morgan Chase & Co. (Chase). Two purchases were made on that Chase credit card on February 23, 2014, each for $25,000 representing 25 of the Tablets on each purchase receipt, for the total of 50 purchased Tablets at a total cost of $50,000.

16.     Mr. Rokowsky uses this Chase credit card because its terms offer consumer protection and purchase protection. The Chase credit card also allows the transaction to be cancelled and refunded if not honored by the vendor.

17.     This Chase card is marketed and offered to its customers as having "fraud protection".

18.     Mr. Rokowsky used the Chase credit card for the total of $50,000 in purchase of 50 of the Tablets for $1,000 each.  These transactions posted to Rokowsky's Chase credit card account on or about February 23, 2014.

**The scam**

19.     No rebate check was ever issued, provided or accepted despite demand for the same.

20.     The Tablets were not delivered to Rokowsky.

21.     Rokowsky attempted to follow up for many months with Sungame and Kloihofer, and others at Sungame headquarters, to no avail.

22.     Finally, in late June and early July, 2014, Rokowsky contacted Chase and complained that his purchase was never received by him and was fraudulent.  Chase asked Rokowsky to fill out certain forms, which Rokowsky completed and returned to chase on or about July 11, 2014.

23.     Chase initially gave Rokowsky a temporary credit for the purchases.

24.     Rokowsky continued to follow up with Kloihofer and Sungame during the summer and fall, 2014.

25.     During Rokowsky's attempts to follow up, Defendant Chandran communicated and promised that Rokowsky's purchase money would be returned.  Repeatedly Chandran stated that the money was forthcoming.

26.     Chandran even attempted to provide a payment delay excuse by claiming that the overseas markets require a verification process, and that submissions made in the Asian market must be visible in Europe.  This explanation was specifically sent by Chandran to Rokowsky via email in August, 2014.

27.     Chandran stated to Rokowsky on July 22, 2014, that Rokowsky should not challenge the Chase credit charges for the $50,000 so that payment could be made, and that Rokowsky needed

to withdraw the Chase credit card purchase challenge so that the rebate payment could be processed and delivered in full.

28. Rokowsky relied upon Chandran's representations.

29. Rokowsky did, in fact, contact Chase and explain the situation. Rokowsky stated that the vendor had promised to make the rebate payment.

30. But still no payment was made; no rebate was given; no Tablets were delivered to Rokowsky.

31. In February, 2015, Rokowsky used the internet to search for the names Chandran, Kloihofer and Sungame. Rokowsky's on-line search using Google and other search engines revealed dozens of web pages and entries discussing how these individuals and this company scams consumers and buyers.

32. Rokowsky contacted Chase to again complain and seek protection from these transactions, but was told by Chase that it is now "too late". Chase denied any consumer protection, purchase protection and/ or fraud protection to Rokowsky for these above-noted transactions.

**The law**

33. New Jersey has one of the strictest consumer protection laws in the nation. The Consumer Fraud Act at *N.J.S.A.* 56:8-1 et seq. (the "NJ CFA") protects consumers against "the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment suppression, or omission of any material fact, with intent that others rely upon such concealment, suppression or omission, a connection with a sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact

been misled, deceived or damaged thereby, is declared to be an unlawful practice." *N.J.S.A.* 56:8-2.

34. Violations of the NJ CFA provide treble (3x) damages for victims, inclusive of Plaintiff's attorney fees and costs of suit.

35. Defendants Sungame, Chandran and Kloihofer violated the NJ CFA and made a victim of Rokowsky, who was harmed as a result.

36. Additionally, the NJ Uniform Securities Law at *N.J.S.A.* 49:3-47 et seq. (the "NJ USL") makes it illegal to pump and puff a public corporation's stock by fraudulent means.

37. Defendants Sungame, Chandran and Kloihofer violated the NJ USL by fraudulently marketing the Tablets to Rokowsky, and then used Rokowsky's purchase order of $50,000 to pump and puff the stock of Sungame. On information and belief, Defendants Chandran and Kloihofer financially benefited from this illegal scheme, and conversely Rokowsky was rendered a victim of this scheme. Moreover, on information and belief this scheme harmed others and the public.

38. Defendants also committed the following violations, of which Rokowsky was harmed: theft; common law fraud; breach of contract; and violation of the doctrine of good faith and fair dealings.

39. Defendant Chase violated its contract obligations and card member agreement by refusing to provide Rokowsky with consumer fraud protection, purchase protection and other fraud protection. Defendant Chase wrongfully refused to extend these protections to Rokowsky.

**Count 1 - NJ Consumer Fraud Act**

40. Plaintiff Rokowsky incorporates by reference all of the above-stated paragraphs, as if set forth herein at length.

41. The actions of Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran constitute violations of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1 et seq. (NJ CFA).

42. Such actions constitute unconscionable commercial practices, deception, fraud, false promise and misrepresentation under the NJ CFA.

43. Said Defendants also failed to disclose and thereby knowingly concealed, suppressed and omitted the fact that that there was no true intent to ever deliver the Tables and/ or honor the rebate, which promises were relied upon by Rokowsky to his detriment and ultimate harm, such actions constituting violations of the NJ CFA.

44. Rokowsky reasonably relied upon the representations of Defendants that the Tablets would be provided.

45. Rokowsky reasonably relied upon the representations of Defendants that the rebate would be provided.

46. Rokowsky reasonably relied upon the representations of Defendants that the purchase amount of $50,000 would be returned in full.

47. Rokowsky was harmed and incurred damages of at least $50,000 plus attorney fees and costs, plus the lost opportunity to use his money, credit and financial worth in other ways. Rokowsky also incurred harm and damage since this matter was reported on his credit report by Chase to the following 3 credit reporting agencies: Experian (Allen, TX); Equifax Options (Atlanta, GA); and TransUnion Corp. (Chester, PA).

WHEREFORE, Plaintiff Rokowsky seeks judgment against Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran as follows:

(a) Compensatory damages in excess of $150,000.00;

(b) Treble damages pursuant to *N.J.S.A.* 56:8-1 et seq.;

(c) Punitive damages;

(d) Attorney fees and costs of suit; and

(e) Such other relief as the Court deems equitable and just.

**Count 2 – Common Law Fraud**

48. Plaintiff Rokowsky incorporates by reference all of the above-stated paragraphs, as if set forth herein at length.

49. The actions of Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran constitute violations of common law fraud.

50. The statements and representations as set forth above at length were made by such Defendants knowing of their falsity and/ or with reckless disregard of their truth.

51. The statements were relied upon by Rokowsky, and as a result Rokowsky was harmed and damaged.

WHEREFORE, Plaintiff Rokowsky seeks judgment against Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran as follows:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems equitable and just.

**Count 3- Theft**

52. Plaintiff Rokowsky incorporates by reference all of the above-stated paragraphs, as if set forth herein at length.

53. The actions of Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran constitute theft.

54. Said Defendants have deprived Rokowsky of the purchase money, of the Tablets and of his entitled rebate money, with the intent to permanently deprive Rokowsky of the same.

55. As a result, Rokowsky has been harmed and damaged.

WHEREFORE, Plaintiff Rokowsky seeks judgment against Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran as follows:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems equitable and just.

**Count 4 – Contract violations as to Sungame, Kloihofer and Chandran**

56. Plaintiff Rokowsky incorporates by reference all of the above-stated paragraphs, as if set forth herein at length.

57. As set forth above, Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran have violated the terms of contract and breached the same.

58. Defendants have also violated the implied duty of good faith and fair dealings that is implicit within every contract in New Jersey as a matter of law and equity.

59. As a result of these violations, Rokowsky has been harmed and damaged.

WHEREFORE, Plaintiff Rokowsky seeks judgment against Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran as follows:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems equitable and just.

**Count 5 – Contract violations as to Chase**

60. Plaintiff Rokowsky incorporates by reference all of the above-stated paragraphs, as if set forth herein at length.

61. Defendant JP Morgan Chase & Co. (Chase) offers its credit cards, and in particular the credit card issued to Rokowsky ending in 4840, under terms that include purchase protection, fraud protection and/ or consumer protection.

62. Despite notice from Rokowsky and request to intercede, Chase has denied this or these protection(s).

63. Despite notice from Rokowsky and request to intercede, Chase has refused to stop payment and/ or remove the charges on Rokowsky's credit card account in the total amount of $50,000 pertaining to the purchase of the Tablets as set forth above.

64. Chase has wrongfully violated its cardmember agreement by such actions.

65. Chase has failed to perform its contractual obligations by such actions.

66. Chase has refused to provide the required purchase protection, fraud protection and/ or consumer protection to Rokowsky.

67. As a result, Rokowsky has been harmed and damaged.

WHEREFORE, Plaintiff Rokowsky seeks judgment against Defendants Sungame Corporation, Robert Kloihofer and Neil Chandran as follows:

(a) Compensatory and punitive damages;

 (b) Attorney fees and costs of suit; and

 (c) Such other relief as the Court deems equitable and just.

**Count 6 – Consumer Fraud and common law fraud as to Chase**

68. Plaintiff Rokowsky incorporates by reference all of the above-stated paragraphs, as if set forth herein at length.

69. Chase offers its credit cards to the consumer public, and in particular the credit card issued to Rokowsky ending in 4840, under the advertisement, guise and representation that Chase will provide purchase protection, fraud protection and/ or consumer protection for purchases made with the credit card.

70. Rokowsky made such purchase with his Chase credit card.

71. Chase failed to provide the required services, perform the required obligations and live up to its promises as made.

72. Chase's actions and/ or failures as noted above constitute violations of the NJ Consumer Fraud Act, *N.J.S.A*. 56:8-1 et seq.

73. Chase knowingly made the statements and representations as to purchase protection, fraud protection and/ or consumer protection with the intent that members of the public, including Rokowsky, would rely upon such statements.

74. Chase knowingly and intentionally denied Rokowsky's request to intercede and/ or provide the requisite protections as noted above,.

75. Chase knowingly made the representations as to purchase protection, fraud protection and/ or consumer protection knowingly that claims such as and/ or including Rokowsky's would be denied by Chase and that such protections would not be extended or provided.

76. Rokowsky reasonably relied upon Chase's representations, to his detriment, when making the Tablet purchases as set forth herein.

77. As a result, Rokowsky was harmed and damaged.

WHEREFORE, Plaintiff Rokowsky seeks judgment against Defendant Chase for:

(a) Compensatory damages;

(b) Treble damages pursuant to *N.J.S.A.* 56:8-1 et seq.;

(c) Punitive damages;

(d) Attorney fees and costs of suit; and

(e) Such other relief as the Court deems equitable and just.

**Count 7 – Securities violations**

78. Plaintiff Rokowsky incorporates by reference all of the above-stated paragraphs, as if set forth herein at length.

79. NJ Uniform Securities Law at *N.J.S.A.* 49:3-47 et seq. (the "NJ USL") makes it illegal to pump and puff a public corporation's stock by fraudulent means.

80. Specifically, it is illegal to create a false public perception of a publicly traded company's worth through fraudulent marketing and communications, so as to manipulate its stock value.

81. On information and belief, Defendants Kloihofer and Chandran sought to use Plaintiff's bulk purchase of Tablets to market and advertise Sungame, and thereby illegally manipulate its public perception and stock value.

82. By doing so, Rokowsky was rendered a pawn in an illegal stock manipulation scam, and was harmed as a result.

WHEREFORE, Plaintiff Rokowsky seeks judgment against Defendants Robert Kloihofer and Neil Chandran as follows:

(a) Compensatory and punitive damages;

(b) Attorney fees and costs of suit; and

(c) Such other relief as the Court deems equitable and just.

March 23, 2015             /s/ Anthony L. Velasquez, Esq.
                           Anthony L. Velasquez, Esq. (AV9649)

Plaintiff demands a TRIAL BY JURY for those matters so permitted as set forth above.

March 23, 2015             /s/ Anthony L. Velasquez, Esq.
                           Anthony L. Velasquez, Esq. (AV9649)

The following trial counsel is hereby appointed and designated:

March 23, 2015             /s/ Anthony L. Velasquez, Esq.
                           Anthony L. Velasquez, Esq. (AV9649)